

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00039-CV

Tracey **MURPHY**,
Appellant

v.

D'Ann **MAYFIELD**, et al.,
Appellees

Trial Court Nos. 10-07-00123-CV; 09-09-00128-CV & 09-05-0071-CV

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  March 4, 2015

DISMISSED FOR LACK OF JURISDICTION

On January 28, 2015, appellant filed notices of appeal referencing three underlying trial court cause numbers: 10-07-00123-CV, 09-09-00128-CV, 09-05-0071-CV.  The notices of appeal state that the orders being appealed were signed on July 28, 2014, July 28, 2014, and February 25, 2009, respectively.  A notice of appeal must be filed within thirty days after an appealable order is signed.  *See* TEX. R. APP. P. 26.1.  Although this deadline can be extended for a party who did not receive notice of a judgment or appealable order, the date on which the period for filing a notice of appeal begins cannot be extended by more than 90 days after the date the judgment or order is

signed. *See* TEX. R. CIV. P. 4.2(a). Appellant's notices of appeal were not timely filed even if appellant is given the maximum extended period allowed under the rules.

On February 2, 2015, this court ordered appellant to show cause in writing by February 17, 2015, why this appeal should not be dismissed for lack of jurisdiction. On February 23, 2015, appellant responded that he could not timely file the notices of appeal because he did not have notice of the orders dismissing his lawsuits. Although we understand appellant's frustration, Rule 4.2(a) of the Texas Rules of Appellate Procedure states:

> If a party affected by a judgment or other appealable order has not — within 20 days after the judgment or order was signed — either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party received notice or acquires actual knowledge of the signing. ***But in no event may the period begin more than 90 days after the judgment or order was signed.***

TEX. R. APP. P. 4.2(a)(1) (emphasis added). Therefore, Rule 4.2(a) does not allow the date on which the period for filing a notice of appeal begins to be extended by more than 90 days after the date the orders were signed. Because the notices of appeal were untimely filed, this appeal is dismissed for lack of jurisdiction. *See Payne v. Torres*, No. 04-12-00017-CV, 2012 WL 752019, at *1 (Tex. App.—San Antonio Mar. 7, 2012, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where notice of appeal was late "[e]ven considering the maximum extended period allowed under the rules").

PER CURIAM